Bruce J. Boehm #10039
**McKAY, BURTON & THURMAN**
15 West South Temple, Suite 1000
Salt Lake City, Utah  84101
Telephone:  (801) 521-4135
Facsimile: (801) 521-4252
E-mail: bboehm@mbt-law.com

*Attorneys for Defendant*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| TREVOR KELLEY,<br><br>          Plaintiff,<br>vs.<br><br>QUILTED BEAR – DRAPER, LLC, d.b.a<br>THE QUILTED BEAR,<br><br>       Defendant. | **ANSWER TO COMPLAINT**<br><br>Civil No: 2:17-cv-00805-RJS |

---

Defendant Quilted Bear–Draper, LLC ("Defendant"), by and through its undersigned

counsel, hereby submits its answer and defenses to the Complaint filed in this action by Plaintiff

Trevor Kelley ("Plaintiff") and states as follows:

**<u>NATURE OF CASE</u>**

1.      In response to Paragraph 1 of the Complaint, Defendant admits that this lawsuit

purports to be an action under Title III of the Americans with Disabilities Act of 1990 ("ADA"),

but denies that Plaintiff has any right to maintain this action and further denies that Plaintiff is

entitled to any recovery in this action.  Defendant denies the remaining allegations set forth in

Paragraph 1 of the Complaint.

## PARTIES

2.      In response to Paragraph 2 of the Complaint, Defendant is without sufficient information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations therein.

3.      In response to Paragraph 3 of the Complaint, Defendant admits only that it operates a store on the property at issue.  Defendant denies the remaining allegations therein.

4.      In response to Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations therein.

5.      In response to Paragraph 5 of the Complaint, Defendant is without sufficient information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations therein.

6.      In response to Paragraph 6 of the Complaint, Defendant is without sufficient information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations therein.

## JURISDICTION AND VENUE

7.      In response to Paragraph 7 of the Complaint, Defendant admits this Court has jurisdiction over ADA lawsuits, but denies that Plaintiff has any right to maintain this particular action.  Defendant denies the remaining allegations set forth in Paragraph 7.

8.      In response to Paragraph 8 of the Complaint, Defendant admits for venue purposes only that venue lies in this judicial district, but denies that it has committed any act or omission giving rise to any liability.

## STANDING

9.      In response to Paragraph 9 of the Complaint, Defendant denies the allegations therein.

10.      In response to Paragraph 10 of the Complaint, Defendant is without sufficient information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations therein.

11.      In response to Paragraph 11 of the Complaint, Defendant denies the allegations therein.

12.      In response to Paragraph 12 of the Complaint, Defendant is without sufficient information and knowledge necessary to form a belief as to the truth of the allegations regarding Plaintiff's alleged visit to the property, and therefore, denies the allegations therein.  Defendant is not required to answer legal conclusions and argument, and on that basis, denies the remaining allegations.

13.      In response to Paragraph 13 of the Complaint, Defendant is without sufficient information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations therein.

14.      In response to Paragraph 14 of the Complaint, Defendant denies the allegations therein.

15.      In response to Paragraph 15 of the Complaint, Defendant denies the allegations therein.

16.      In response to Paragraph 16 of the Complaint, Defendant denies the allegations therein.

17.     In response to Paragraph 17 of the Complaint, Defendant denies the allegations therein.

18.     In response to Paragraph 18 of the Complaint, Defendant denies the allegations therein.

## THE ADA AN ITS IMPLEMENTING REGULATIONS

19.     In response to Paragraph 19 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

20.     In response to Paragraph 20 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

21.     In response to Paragraph 21 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

22.     In response to Paragraph 22 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

23.     In response to Paragraph 23 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

24.     In response to Paragraph 24 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

25.     In response to Paragraph 25 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

26.     In response to Paragraph 26 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

27.     In response to Paragraph 27 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

28.     In response to Paragraph 28 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

29.     In response to Paragraph 29 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

30.     In response to Paragraph 30 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

31.     In response to Paragraph 31 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

32.     In response to Paragraph 32 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

33.     In response to Paragraph 33 of the Complaint, Defendant is without sufficient information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations therein.

34.     In response to Paragraph 34 of the Complaint, Defendant denies the allegations therein.

35.     In response to Paragraph 35 of the Complaint, Defendant denies the allegations therein.

36.     In response to Paragraph 36 of the Complaint, Defendant denies the allegations therein.

37.     In response to Paragraph 37 of the Complaint, Defendant denies the allegations therein.

38.     In response to Paragraph 38 of the Complaint, Defendant denies the allegations therein.

39.     In response to Paragraph 39 of the Complaint, Defendant denies the allegations therein.

## COUNT ONE: VIOLATION OF TITLE III OF ADA

40.     In response to Paragraph 40 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in Paragraphs 1 through 39 of this Answer as set forth above.

41.     In response to Paragraph 41 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

42.     In response to Paragraph 42 of the Complaint, Defendant states that the ADA and its regulations speak for themselves, that Defendant is not required to answer legal conclusions and argument, and that, on that basis, Defendant denies the allegations therein.

43.     In response to Paragraph 43 of the Complaint, Defendant denies the allegations therein.

44.     In response to Paragraph 44 of the Complaint, Defendant denies the allegations therein.

45.     In response to Paragraph 45 of the Complaint, Defendant denies the allegations therein.

46.     In response to Paragraph 46 of the Complaint, Defendant denies the allegations therein.

47.     In response to Paragraph 47 of the Complaint, Defendant denies the allegations therein.

**RELIEF**

48.     In response to Paragraph 48 of the Complaint, Defendant denies the allegations therein.

49.     In response to Paragraph 49 of the Complaint, Defendant denies the allegations therein.

50.     In response to Paragraph 50 of the Complaint, Defendant denies the allegations therein.

51.     In response to Paragraph 51 of the Complaint, Defendant denies the allegations therein.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 51 of the Complaint and all subparts (A) through (E) thereto.

## GENERAL DENIALS

Defendant denies each and every allegation and prayer for relief of the Complaint not specifically admitted herein.

## ADDITIONAL DEFENSES

Without admitting liability or the burden of proof as to any of Plaintiff's allegations, Defendant states the following defenses:

## FIRST DEFENSE

The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted, and should therefore be dismissed.

## SECOND DEFENSE

Plaintiff has demanded modifications to the property that are not readily achievable, are technically infeasible, are structurally impracticable, and/or are not required under the ADA. To the extent that elements of the property do not comply with the corresponding elements in the ADA and/or its implementing regulations and/or barriers to accessibility exist, such compliance is not readily achievable, is technically infeasible, and/or is structurally impracticable.

## THIRD DEFENSE

To the extent particular property elements do not comply exactly with the corresponding elements in the ADA and/or its implementing regulations, such elements provide substantially

equivalent or greater access to and usability of the facility and services have been made available through permissible alternative methods.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks alterations and accommodations that would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations being offered; would create an undue burden on Defendant, or would pose a significant risk to the health or safety of individuals with disabilities or others.

## FIFTH DEFENSE

Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged architectural barriers, such as by personally assisting Plaintiff to overcome/deal with any of the barriers alleged in the Complaint.

## SIXTH DEFENSE

Plaintiff is without standing to bring this action in that Plaintiff (1) is not a bona fide patron; (2) alleges barriers not related to his disability; (3) has no intention of returning to the subject property; and/or (4) does not have a concrete and particularized injury.

## SEVENTH DEFENSE

Plaintiff's claims are barred under the doctrine of mootness.

**EIGTH DEFENSE**

To the extent that elements of the property do not comply with the corresponding elements in the ADA and/or its implementing regulations, such differences are within conventional building industry tolerances for field conditions.

**NINTH DEFENSE**

The Court lacks subject matter jurisdiction over this lawsuit.

**RESERVATION OF RIGHTS**

Defendant reserves the right to add additional defenses or to delete or to withdraw such defenses as may become necessary at any time during the course of this litigation and after a reasonable opportunity for appropriate discovery.

**WHEREFORE**, Defendant, having responded to the allegations set forth in Plaintiff's Complaint, respectfully requests that this Court dismiss the Complaint with prejudice, enter judgment in favor of Defendant, award Defendant all of its costs, including attorneys' fees, incurred in defending against this lawsuit, and award any such other relief that this Court deems just and proper.

DATED this 29th day of August, 2017.

McKAY BURTON & THURMAN, P.C.


_____/s/ Bruce J. Boehm_____
Bruce J. Boehm
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2017, a true and correct copy of the foregoing **ANSWER TO COMPLAINT** was sent via the following method, to the following parties:

| | | |
|---|---|---|
| James K. Ord, III | _____ | Hand-Delivery |
| THE ORD FIRM, P.C. | _____ | U. S. Mail, Postage Pre-paid |
| PO Box 16266 | _____ | Federal Express |
| Salt Lake City, UT 84116 | _____ | Fax |
| james@UtahADALaw.com | ___X___ | ECF |

*/s/ Rachel Yarrington*